UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY SHEPHERD, )  Petitioner ) | |
| v. ) | CAUSE NO. 3:06-CV-562 RM |
| WALTER E. MARTIN, )  Respondent ) | |

*OPINION AND ORDER*

Terry Shepherd, a *pro se* prisoner, filed a petition seeking relief under 28 U.S.C. §2254.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Mr. Shepherd states that he was convicted of murder in the St. Joseph Superior Court on October 17, 1987. He states that the Indiana Supreme Court denied his direct appeal. That published opinion indicates that this occurred on December 18, 1989. Shepherd v. Indiana, 547 N.E. 2d 839 (Ind. 1989). He doesn't say when he filed a post conviction relief petition, but says the St. Joseph Superior Court denied his petition on April 20, 1998. He further states that he did not appeal that ruling to the Indiana Supreme Court. Finally, he says that years after he was incarcerated, he obtained newly discovered evidence from his medical packet which had been previously withheld. With that evidence

he sought, but was denied, leave to file a second PCR by the Indiana Supreme Court.

Habeas Corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Though Mr. Shepherd argues that he has found newly discovered evidence, his legal argument is not dependent on the evidence he found. Mr. Shepherd argues that the trial court erred in not following the recommendations of the psychiatrists that he be given a CT Scan or an MRI. This is not newly discovered. He has known since before his trial in 1987 that the trial court did not order further testing. This argument was available to him when he took his direct appeal. Though a subsequently performed MRI revealed old abnormalities, the results of that test are not the legal basis for the alleged error. Because he has known since 1987 that the trial court did not order further testing, his current legal argument is not based on newly discovered evidence. Therefore Mr. Shepherd's limitation

period began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review " 28 U.S.C. § 2244(d)(1)(A). In this case, the statute of limitation expired no later than April 20, 1999: one year after his un-appealed post-conviction relief petition was denied by the state trial court.[1]

For the foregoing reasons, the habeas corpus petition is DISMISSED pursuant to Habeas Corpus Rule 4 because it is untimely.

SO ORDERED.

ENTERED: September  20 , 2006

                                        /s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United State District Court

---

[1] The records of the Indiana Clerk of the Courts indicate that Mr. Shepherd's unauthorized successive post-conviction relief petition was not filed until January 25, 2006, after the statute of limitation had already expired. Even had it been filed sooner, an unauthorized successive post-conviction relief petition is not "properly filed" under Indiana law and does not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2). Powell v. Davis, 415 F.3d 722 (7th Cir. 2005).